UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN S. FAHERTY, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>D&A SERVICES, LLC, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendants, D&A SERVICES, LLC., ("D&A") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Stamford, Connecticut and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. D&A SERVICES, LLC maintains a location at 1400 E. Touhy Avenue, Suite G2, Des Plaines, IL 60018.

7. D&A SERVICES, LLC uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. D&A SERVICES, LLC is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

**CLASS ACTION ALLEGATIONS**

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Connecticut consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All Connecticut consumers to whom D&A SERVICES, LLC, sent initial letters and/or notice concerning a debt and/or obligation owed to another, which included the alleged conduct and practices described herein.

<u>The class definition may be subsequently modified or refined.</u>

<u>The Class period begins one year prior to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct that occurred to at least fifty (50) persons.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA;

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Sometime prior to November 9, 2020, Plaintiff allegedly incurred one or more financial obligations ("OBLIGATION or OBLIGATIONS") to Bank of America, N.A. ("BOA").

19. The OBLIGATION arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the OBLIGATION by obtaining goods and services which were primarily for personal, family and household purposes.

21. Plaintiff did not incur the OBLIGATION for business purposes.

22. The OBLIGATIONS did not arise out of a transaction that was for business use.

23. Each OBLIGATION is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. At some time prior to November 9, 2020, the OBLIGATION was placed with D&A for the purpose of collection.

25. At the time the OBLIGATION was placed with D&A for the purpose of collection, the OBLIGATION was past due.

26. At the time the OBLIGATION was with D&A for the purpose of collection, the OBLIGATION was in default.

27. D&A caused to be mailed to Plaintiff a letter dated November 9, 2020, attempting to collect the OBLIGATION. A copy of said letter is annexed hereto as **Exhibit A**.

28. Upon receipt, Plaintiff read the November 9, 2020 letter.

29. The November 9, 2020 stated in part:

> Dear KATHLEEN S FAHERTY:
>
> Your Account has been placed with our office to seek a resolution with you for the balance due on your account. Accordingly, if you want to resolve this matter, we are offering an opportunity for you to resolve the debt (unless it has already been paid). If you cannot pay the amount due, please call us at 1-888-335-6729 to discuss further arrangements.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector

30. 15 U.S.C. §1692g *et seq*., does not require a consumer to dispute a debt or any portion of a debt in writing.

31. Consumers may dispute a debt or any portion of a debt verbally in the 2nd Circuit within thirty-days of receipt of required validation notice pursuant to U15 U.S.C. §1692g(a)(3).

32. If a consumer disputes a debt or any portion thereof, within thirty-days of receipt of required validation notice, the debt collector is prohibited from assuming the debt is valid.

33. 15 U.S.C. §1692g(b) provides in part:

> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed… the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment… and a copy of such verification or judgment is mailed to the consumer by the debt collector. [emphasis added].

34. Pursuant to 15 U.S.C. §1692g(b), a debt collector is not required to cease collection activity if the dispute is not in writing.

35. If a consumer disputes a debt verbally, the debt collector is not required to cease collection until it mails verification of the debt or a copy of the judgment to consumer.

36. D&A knew or should have known that its actions violated the FDCPA.

37. D&A could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

38. It is D&A's policy and practice to send written initial communications, in the form annexed hereto as Exhibit A, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

39. On information and belief, Defendant engaged in the practices described herein, for at least 40 natural persons within Connecticut within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

40. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

41. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

42. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

43. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

44. D&A violated 15 U.S.C. § 1692e(10) by falsely representing to Plaintiff that the law requires it to suspend it efforts to collect the debt until it mails requested information to her, if she: (A) dispute the debt or any portion thereof, or (B) request the name and address of the original credit in writing within the third-day period.

45. D&A violated 15 U.S.C. § 1692e(10) by falsely representing to Plaintiff that if she disputed the debt or any portion thereof, it would be required by law to suspend its collection efforts, when in fact it may continue such collection efforts if Plaintiff disputes the debt verbally.

46. D&A is not required to inform the consumer as to it obligations pursuant to 15 U.S.C. §1692g(b). However, if it chooses to do so, it must do so accurately.

47. The November 9, 2020 letter can be read to have two or meanings, where at least one meaning is inaccurate.

48.  The November 9, 2020 letter can be read to mean:

      a. If she disputed the debt verbally, D&A would be required by law to suspend its collection efforts until it mailed certain requested information to her; or

      b. Only if she disputed the debt writing, D&A would be required by law to suspend its collection efforts until it mailed certain requested information to her; or

      c. Regardless of whether she disputed the debt verbally or in writing, D&A would be required by law to suspend its collection efforts until it mailed certain requested information to her.

49. D&A further violated 15 U.S.C. § 1692e(10), because the November 9, 2020 letter read in its entirety would lead the least sophisticated consumer unsure as to what she must do to effectively dispute the debt.

50. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

51. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692g(b).

53. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

54. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

55. Defendant's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: May 8, 2021                                Respectfully submitted,

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

**655 PULLMAN AVENUE**
**ROCHESTER, NY 14615**

ADDRESS SERVICE REQUESTED

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE PAID
ROCHESTER NY
PERMIT NO. 841



**D & A Services, LLC**
1400 E. Touhy Ave, Ste. G2
Des Plaines, IL 60018

| D&A # | Creditor | Account Number | Balance |
|---|---|---|---|
|  | Bank of America, N.A. | XXXXXXXXXXXX4309 | $27,213.56 |

Toll Free: 888-335-6729
Web: https://myaccount.dnasllc.com
Hours of Operations:   M-Th 8 am – 7 pm CST
Fri 8 am – 5 pm CST

KATHLEEN S FAHERTY

345

November 09, 2020

Dear KATHLEEN S FAHERTY:

Your Account has been placed with our office to seek a resolution with you for the balance due on your account. Accordingly, if you want to resolve this matter, we are offering an opportunity for you to resolve the debt (unless it has already been paid). If you cannot pay the amount due, please call us at 1-888-335-6729 to discuss further arrangements.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

***detach below and return in the enclosed envelope with your payment***

1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

888-335-6729

| D&A# | Balance |
|---|---|
|  | $27,213.56 |

KATHLEEN S FAHERTY

Contact Number | Payment Amount

Make your check or money order payable to:

D & A Services, LLC
1400 E. Touhy Ave
Suite G2
Des Plaines, IL 60018

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.