UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN S. FAHERTY, *on behalf of herself and all others similarly situated*, *Plaintiff*, | Case No. 3:21-cv-00635 (KAD) |
| v. | |
| D&A SERVICES, LLC, JOHN DOES 1-25, *Defendants*. | August 23, 2021 |

MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 7)

Kari A. Dooley, United States District Judge:

Plaintiff Kathleen S. Faherty ("Faherty" or the "Plaintiff") brings this action on behalf of herself and others similarly situated against Defendant D&A Services, LLC (the "Defendant" or "D&A Services") and its employees, agents, and successors, John Does 1-25 (collectively, the "Defendants"). Faherty alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), principally by employing false, misleading, or deceptive representations in their effort to collect on a debt owed by the Plaintiff to a third party. D&A Services has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Plaintiff's complaint in its entirety for its failure to state a claim to relief. For the reasons that follow, the motion to dismiss is GRANTED.

**Background and Allegations**

The allegations, taken as true, are summarized as follows. Plaintiff is a "consumer" and D&A Services is a "debt collector" as those terms are defined in the FDCPA, 15 U.S.C. §§ 1692a(3),(6). (Compl. ¶¶ 5, 8, 17.) Plaintiff incurred one or more financial obligations to Bank of America, N.A. at some time prior to November 9, 2020, which arose out of a transaction in

1

which Plaintiff obtained goods and services for primarily personal, family or household use.  (*Id.* ¶¶ 18–20.)  After Plaintiff defaulted on her financial obligation, it was placed with D&A Services for collection purposes.  (*Id.* ¶¶ 24–26.)  D&A Services then sent Plaintiff a letter dated November 9, 2020, which Plaintiff read upon its receipt and which stated:

> Dear KATHLEEN S. FAHERTY:
>
> Your Account has been placed with our office to seek a resolution with you for the balance due on your account.  Accordingly, if you want to resolve this matter, we are offering an opportunity for you to resolve the debt (unless it has already been paid).  If you cannot pay the amount due, please call us at 1-888-335-6729 to discuss further arrangements.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.
>
> This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This communication is from a debt collector.

(*Id.* ¶¶ 27–29; Ex. A.)

Plaintiff explains that under the FDCPA, if the consumer disputes a debt in writing within the 30-day statutory period, the debt collector is required to suspend collection efforts until verification of the debt or a copy of the judgment is obtained and mailed to the consumer.  (*Id.* ¶ 33 (citing 15 U.S.C. § 1692g(b)).)  However she claims that the letter sent by D&A Services failed to communicate that D&A Services "may continue such collection efforts if Plaintiff disputes the debt verbally."  (*Id.* ¶ 45.)  She therefore alleges that the letter can be construed as falsely conveying that a verbal dispute would trigger suspension of any debt collection efforts, when in

2

fact only a written dispute would have that effect. (*Id.* ¶¶ 47–48(a).) She also alleges that the letter could be construed as falsely conveying that "[r]egardless of whether she disputed the debt verbally or in writing, D&A would be required by law to suspend its collection efforts until it mailed certain requested information to her." (*Id.* ¶ 48(c).) Plaintiff thus alleges that Defendants violated the FDCPA, 15 U.S.C. § 1692e, "because the November 9, 2020 letter read in its entirety would lead[sic] the least sophisticated consumer unsure as to what she must do to effectively dispute the debt." (*Id.* ¶ 49.) In addition, Plaintiff asserts that she "and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692g(b)."[1] (*Id.* ¶ 52.) She seeks to represent a class defined preliminarily as "[a]ll Connecticut consumers to whom D&A SERVICES, LLC, sent initial letters and/or notice concerning a debt and/or obligation owed to another which included the alleged conduct and practices described herein." (*Id.* ¶ 11.)

On June 15, 2021, D&A Services moved to dismiss the complaint (ECF No. 7) and on August 12, 2021 the parties filed their joint Rule 26(f) Report. (ECF No. 15.) In the context of the joint report, the Defendant requested that discovery be stayed pending resolution of the motion to dismiss. While the Rule 26(f) report is not an appropriate vehicle for seeking a stay of discovery and while pursuant to this Court's Standing Order on Pretrial Deadlines, "[t]he filing of a motion

---

[1] This provision states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

to dismiss shall not result in a stay of discovery or extend the time for completing discovery," (ECF No. 2) the Court does not reach the issue of a stay in light of its conclusion that this action must be dismissed.[2]

**Legal Standard**

On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor." *Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021) (quotation marks, alterations, and citation omitted). The "complaint must 'state a claim to relief that is plausible on its face,'" setting forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

**Discussion**

The principal FDCPA provision that the Plaintiff alleges the Defendant violated states in relevant part that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, to include "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). The Plaintiff also argues that the Defendant

---

[2] In its memorandum in support of the motion to dismiss (ECF No. 7-1) the Defendant observes that "though not dispositive, . . . Plaintiff does not allege she ever called or wrote D&A, ever disputed the debt, ever requested validation, etc. Nor does she allege D&A continued to collect the debt while a request for validation was pending." (Def.'s Mem. at 9.) Despite the conclusory nature of the Plaintiff's alleged injury, the Second Circuit has held that Sections "1692e and 1692g [of the FDCPA] protect an individual's concrete interests, so that an alleged violation of these provisions satisfies the injury-in-fact requirement of Article III." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018).

4

failed to adhere to its obligations under Section 1692g(b)—specifically that "[a]ny collection activities and communication during the 30-day period . . . not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). These issues are addressed in turn.

### *Section 1692e Claim*

"In the Second Circuit, 'the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.''" *Kolbasyuk*, 918 F.3d at 239 (quoting *Jacobson v. Healthcare Fin. Servs, Inc.*, 516 F.3d 85, 90 (2008)). Such a consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "Under this standard, a collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation." *Id.* However, "the FDCPA does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'" *Jacobson*, 516 F.3d at 90 (quoting *Clomon*, 988 F.2d at 1320). In addition, "[d]ebt collectors are liable under the FDCPA only for material inaccuracies." *Garcia v. L. Offs. Howard Lee Schiff, P.C.*, 401 F. Supp. 3d 241, 251 (D. Conn. 2019). "The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response." *Cohen*, 897 F.3d at 86 (quotation marks and citation omitted). "In other words, a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated consumer." *Id.* at 85 (quotation marks and citation omitted).

Citing these standards, D&A Services argues that the November 9, 2020 letter was not false, deceptive, or misleading within the meaning of the statute; nor was it materially so.

As noted previously, the November 9, 2020 letter indicates:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Compl. ¶ 29.)  Defendant refers to this provision in substantial form as the "G-Notice," as it derives from a debt collector's statutory obligations under Section 1692g(a) of the statute.  The letter then goes on to state that "[i]f you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you." (*Id.*)  The Defendant refers to this last sentence as "the Suspension Language"[3] and argues that it is neither inaccurate nor material so as to give rise to a claim under the FDCPA.

In her opposition the Plaintiff acknowledges that the G-Notice "closely tracks" the Defendant's notice obligations under Section 1692g(a)(3)–(5).[4]  (Pl's. Mem. at 9.)  She argues that

---

[3] In its opening memorandum of law the Defendant refers to this provision as the "Contested Sentence" but has amended its nomenclature in reply in response to the arguments advanced in the Plaintiff's opposition.  The Plaintiff refers to this sentence as "the purported § 1692g(b) paragraph."  (*See* Pl.'s Mem. at 10.)

[4] These provisions of the statute state:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-- . . .
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3)–(5).

6

the Suspension Language, by contrast, which derives from the language in Section 1692g(b), was "completely unnecessary" and accordingly "false, deceptive and misleading" because the Defendant was not statutorily required to disclose these provisions which, as noted previously, require a debt collector to cease collection of a debt or a disputed portion of a debt until it obtains a copy of a judgment or verification of the debt upon a consumer's written notice of a dispute. (*Id.* at 10.)  In other words, because the Defendant was not obligated to disclose this responsibility but chose to include language in the November 9, 2020 letter to this effect, the Plaintiff argues that the Defendant should have clarified that, at the very least, a verbal dispute would be insufficient to trigger such cessation of debt collection efforts.  The Plaintiff cites no authority for this novel proposition.

In contrast, the Defendant has attached to its motion to dismiss a recent decision from the Southern District of New York which dismissed a FDCPA suit brought against D&A Services premised on virtually identical language in a collection notice, which the Court finds both compelling and persuasive.  (*See* Opinion and Order, *Khan v. D&A Servs., LLC et al.*, No. 7:20-cv-04792 (VB) (S.D.N.Y. May 14, 2021), Def.'s Ex. A, ECF No. 7-2.)  There, Judge Briccetti rejected the plaintiff's argument that "the least sophisticated consumer would understand the [Suspension Language] to say <u>any</u> dispute of the debt, oral or written, would cause D&A to cease collection efforts" because the phrase "in writing" attaches "only to the phrase 'request the name and address of the original creditor.'"  (Opinion at 8.)  As the District Judge further noted and as applicable here, "[n]owhere does the letter 'say . . . that any type of dispute, even a dispute made orally, can trigger cessation of debt collection efforts."  (*Id.* at 9.)  Moreover, here, as in *Khan*, the fact that the G-Notice, which precedes the Suspension Language, clearly sets forth the statutorily prescribed consequences of a consumer's *written* notice of a dispute, renders it even more

implausible that the least sophisticated consumer would interpret the Suspension Language as somehow excluding the need for such written notice.

Plaintiff asserts that *Khan* is distinguishable because the plaintiff there advanced a different argument. As discussed, the Plaintiff in *Khan* argued "that the phrase 'in writing'" in the Suspension Language "applied only to the phrase 'request the name and address of the original creditor,' which left the first part of the sentence, 'If you dispute the debt or any part thereof,' without a specific instruction on how to dispute."[5] (Pl.'s Mem. at 13–14.) Notwithstanding that the plaintiff in *Khan* may have offered a more limited argument than that which Faherty advances here, the District Court nonetheless concluded that "[r]ead in its entirety, the letter properly informs plaintiff that plaintiff must dispute the debt in writing." (Opinion at 9.) Indeed, the task for this Court is to "determine whether the letter, *when read as a whole*, would make the least sophisticated consumer uncertain as to her rights." *E.g.*, *Nunez v. Mercantile Adjustment Bureau, LLC*, No. 19-CV-02962 (PKC) (ST), 2020 WL 2475619, at *6 (E.D.N.Y. May 13, 2020) (quotation marks and citation omitted). The Court cannot discern any sound basis on which to deem the letter as a whole confusing or ambiguous in any way as to the form of notice required to trigger the collector's debt cessation obligation. Accordingly, the Court concludes that Plaintiff has failed to state a claim based upon a "false, deceptive, or misleading representation or means" in violation of Section 1692e.[6]

---

[5] Ironically, the Plaintiff's disavowal of the plaintiff's argument in *Khan* renders her interpretation of the November 9, 2020 letter even less tenable. Absent a construction that bifurcates the debt dispute phrase from the request for the name and address of the creditor phrase, the Suspension Language can *only* be read as providing that upon either a dispute or request "in writing" the collector must suspend its collection efforts.

[6] Nor does the complaint identify a putatively false statement that satisfies the FDCPA's materiality requirement, even assuming *arguendo* that the Suspension Language is misleading. The failure to explain explicitly that an oral dispute will not suffice to suspend collection efforts could not have "the potential to affect the decision-making process of the least sophisticated consumer," *Cohen*, 897 F.3d at 85 (quotation marks and citation omitted), given the collection letter's obvious and repeated instruction that written notification was required.

*Section 1692g(b) Claim*

In her opposition the Plaintiff further advances her argument that the letter violates Section 1692g(b), which provides in relevant part that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). "Whether collection activities or communications within the validation period overshadow or are inconsistent with a validation notice is [likewise] determined under the 'least sophisticated consumer' standard." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). "A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights." *Id.* (quotation marks and citation omitted). Plaintiff's argument in this regard is largely duplicative of the Section 1692e argument, which the Court has rejected. Indeed, there is nothing inconsistent between the Suspension Language and the G-Notice that would render the letter's description of the Defendant's statutory obligations or the Plaintiff's options unclear so as to leave the least sophisticated consumer uncertain as to her rights. The Section 1692g(b) claim must also be dismissed.

**Conclusion**

For the foregoing reasons, the Defendant's motion to dismiss is granted and the Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of August 2021.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE